**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIAM F. PITTMAN,

    Petitioner,

v.                                                   CASE NO: 8:05-CV-1700-T-30MAP

STATE OF FLORIDA, et al.,

    Respondents.

_____/

**ORDER**

      This matter comes before the Court upon receipt of Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. 8). The certificate of service states that a copy of the document was furnished to the "Clerk's Office, U.S. District Court, Middle District of Florida" (Dkt. 8 at 44).

      Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 5(d), Fed. R. Civ. P., states, in pertinent part that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service." In its October 28, 2005 order directing Respondents to file a response to the § 2254 petition, the Court cautioned Petitioner as follows:

> Before counsel has appeared for Respondent, Petitioner shall send to Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. . . .
>
> Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondent or counsel for Respondent. If any pleading or other paper submitted to be filed and

>considered by the Court does <u>not</u> include a certificate of service upon Respondent or counsel for Respondent, it will be stricken from this case and disregarded by the Court.

Dkt. 7, ¶ 4-5. A copy of said order was mailed to Petitioner at his address of record. It has not been returned to the Clerk marked "undeliverable." Petitioner has not submitted a certificate of service confirming that he served Respondents with a copy of his Amended Petition. Therefore, the Amended Petition[1] shall be stricken from the record and disregarded by the Court.

Defendant is reminded that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk shall **STRIKE** Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. 8).

2. Petitioner may file an amended petition with a proper certificate of service within **TWENTY (20) DAYS** from the date of this order.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh

---

[1] Petitioner is cautioned that an amended petition completely supersedes the original petition, and the only matters remaining before the Court are the ones raised in the amended petition. Having reviewed Petitioner's Amended Petition, the Court notes that Ground One of the original petition was abandoned in the Amended Petition. If the Court were to accept the document submitted by Petitioner as an amended petition, his claim that trial counsel was ineffective for failing to object to the systematic exclusion of African-Americans from the jury selection process would no longer be before this Court.

-2-