**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIAM F. PITTMAN,

    Petitioner,

v.                                       CASE NO: 8:05-CV-1700-T-30MAP

STATE OF FLORIDA, et al.,

    Respondents.
_____/

**ORDER**

This matter comes before the Court upon receipt of Petitioner's Supplemental Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. 12). On December 19, 2005, Petitioner was granted twenty (20) days within which to file an amended petition, *see* Fed. R. Civ. P. 15(a). Instead, Petitioner filed the Supplemental Petition now before the Court (Dkt. 12). *See* Fed. R. Civ. P. 15(d).[1]

Petitioner asserts one ground for relief in the Petition he filed when he initiated this matter on September 2, 2005 (Dkt. 1). In the Supplemental Petition, Petitioner asserts eight <u>new</u> grounds for relief (Dkt. 12). Rule 15(d) allows a litigant to file supplemental pleadings related to events occurring after the commencement of the original action. Contrary to the provisions of Rule 15(d), the claims Petitioner sets forth in his Supplemental Petition relate to events which occurred during his state criminal proceedings, which culminated in 2002.

---

[1] "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading *setting forth transactions or occurrences or events which have happened <u>since</u> the date of the pleading sought to be supplemented*. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor." Fed. R. Civ. P. 15(d).

Since the matters set out in Petitioner's Supplemental Petition do not merely enlarge facts set forth in the original Petition, *see United States v. Russell*, 241 F.2d 879, 882 (1st Cir. 1957), it would be an abuse of discretion to permit the pleading to be filed under the provisions of Rule 15(d).  *See Magee v. McNany*, 10 F.R.D. 5 (W.D. Pa. 1950). Petitioner will, however, be granted an extension of time in which to file an amended petition. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"); *but see Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines").

ACCORDINGLY, the Court **ORDERS** that:

1. The Clerk shall **STRIKE** Petitioner's Supplemental Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. 12).

2. Petitioner may file an amended petition within **TWENTY (20) DAYS** from the date of this order.   Further extensions of time will not be routinely granted.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh