**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM F. PITTMAN,

      Petitioner,

v.                              CASE NO: 8:05-CV-1700-T-30MAP

STATE OF FLORIDA, et al.,

      Respondents.

_____/

# ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1). Subsequently, Petitioner filed an amended petition (Dkt. 15), and a supplemental petition (Dkt. 18). Respondent has filed a response to the amended and supplemental petitions (Dkt. 27), and Petitioner has filed a reply thereto (Dkt. 30). The matter is now before the Court for consideration on the merits.

**Background**

Petitioner was charged by an Amended Information on December 4, 2000, with burglary with an assault or battery; robbery with a deadly weapon; aggravated assault with a firearm; and armed carjacking (Dkt. 11, Ex. 17, Vol. I at 15-18). On February 21, 2001, a jury found Petitioner guilty as charged on all four counts (Id. at 22-23). On March 1, 2001, the trial court sentenced Petitioner as a prison releasee reoffender to life in prison on

counts one, two, and four, and to five years in prison on count three, with all counts running concurrently (Id. at 35-43).

Petitioner appealed his convictions, and on December 27, 2002, the appellate court affirmed the convictions per curiam (Dkt. 11, Ex. 3); *see Pittman v. State*, 837 So.2d 980 (Fla. 2nd DCA 2002)[table].

On July 7, 2003, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised twelve claims (Dkt. 11, Ex. 5). On November 7, 2003, the state trial court summarily denied all of Petitioner's claims accept claims four and eight (Dkt. 11, Ex. 6). After the State filed a response addressing Petitioner's claims four and eight (Dkt. 11, Ex. 7), the trial court denied claim four and part of claim eight on March 5, 2004 (Dkt. 11, Ex. 9). Following another response by the State (Dkt. 11, Ex. 11), the state trial court denied the remainder of claim eight on June 9, 2004 (Dkt. 11, Ex. 12).

Petitioner appealed the denial of his 3.850 motion, and on March 11, 2005, the appellate court per curiam affirmed the denial of Petitioner's 3.850 motion (Dkt. 11, Ex. 15); *see Pittman v. State*, 901 So.2d 127 (Fla. 2nd DCA 2005)[table]. The appellate court mandate issued April 7, 2005 (Dkt. 11, Ex. 16).

Petitioner filed a timely petition for federal habeas relief on September 2, 2005 (Dkt. 1).[1] He subsequently filed an amended petition (Dkt. 15) on February 6, 2006, raising nine

---

[1]Although the Court received Petitioner's petition on September 9, 2005, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988);

(continued...)

claims for relief:

1.      Trial counsel rendered ineffective assistance for failing to object to the systematic exclusion of African-Americans from the jury selection process, failing to object to the prosecutor using peremptory challenges to strike African-Americans from the jury pool, and counsel's participation in selection of an all white jury.

2.      The trial court improperly sentenced Petitioner to a vindictive sentence as a prison releasee reoffender after the judge became an advocate of the plea offer.

3.      Trial counsel rendered ineffective assistance for failing to impeach the state's eyewitnesses with prior inconsistent statements.

4.      Trial counsel rendered ineffective assistance for failing to file an adequate motion for judgment of acquittal at the close of the state's case.

5.      Trial counsel rendered ineffective assistance for failing to file a motion in limine to preclude prejudicial testimony from going before the jury.

6.      Trial counsel rendered ineffective assistance for failing to object to or suppress the admission of incriminating evidence.

7.      Trial counsel rendered ineffective assistance for failing to object to the state's gross misstatement and misrepresentation of the state's witnesses' testimony.

8.      Trial counsel rendered ineffective assistance for failing to investigate and call certain named witnesses.

9.      Trial counsel rendered ineffective assistance for withholding depositions and other documents that would have led to acquittal.

(Dkt. 15).[2]

---

[1](...continued)
*Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  Petitioner executed his petition on September 2, 2005 (Dkt. 1 at 29).

[2]In his supplemental petition, Petitioner added additional facts to support Ground Three of his amended petition (Dkt. 18).

In response, Respondent asserts that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e). Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, the Court agrees that Petitioner is not entitled to habeas relief.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-

4

conviction relief without written opinion, in this circuit that decision is entitled to the same

deference as if the state court had entered written findings to support its decision. *See Wright*

*v. Sec. of Dep't of Corrs*., 278 F.3d 1245, 1255  (11th Cir. 2002). "[A] state court's decision

is not 'contrary to . . . clearly established Federal law' simply because the court did not cite

[Supreme Court]  opinions. . . . [A] state court need not even be aware of [Supreme Court]

precedents, 'so long as neither the reasoning nor the result of the state-court decision

contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer,* 537

U.S. 3, 7-8 (2002)).  Finally, a state court's factual finding is presumed to be correct, and a

petitioner must rebut the presumption of correctness by clear and convincing evidence.  28

U.S.C. § 2254(e)(1).

**Standard for Ineffective Assistance of Counsel Claims**

Petitioner raises allegations of ineffective assistance of trial counsel, a difficult claim

to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506,

1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy

the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Bell v.

Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed

to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate

that the attorney's performance was deficient, meaning that "counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Strickland*, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must prove both prongs of *Strickland.* Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

## Evidentiary Hearing

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "allege[] facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted). For reasons discussed below, an evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a). *See Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

6

## Discussion

Since Petitioner's convictions were entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

## Ground One

In Ground One of his amended petition, Petitioner complains that at his trial, the jury pool consisted of approximately fifty (50) people, and only three were African-American. He asserts that two African-Americans were "on the first panel," and the prosecutor used two peremptory challenges to exclude them from the jury. Petitioner argues that his counsel was ineffective for failing to object to the prosecutor using peremptory challenges to strike the two African-Americans from the jury, and for counsel's "participation in selection of an all white jury." He also claims counsel was ineffective for using "peremptory challenges to strike potential jurors that the Petitioner felt could give him a fair trial." Finally, Petitioner claims he was denied equal protection of the law when he went to trial "before a jury from which members of his race had been purposely excluded."

In his Initial Brief on direct appeal, Petitioner did not challenge the prosecutor's use of peremptory challenges to exclude the two African-Americans from the jury (Dkt. 11, Ex. 1). In his post-conviction motion, Petitioner asserted that trial counsel was ineffective for failing to object to having Caucasians on the jury; for selecting an all Caucasian jury instead of a jury consisting mostly of African-Americans; and for failing to listen to Petitioner's

instruction to "strike most of the jurors in the panel that was [sic] being selected[.]" (Dkt. 11, Ex. 5 at 4-5).

The state court recognized that *Strickland* controls Petitioner's claims of ineffective assistance of counsel (Dkt. 11, Ex. 6 at 2).

> To have a facially valid claim for ineffectiveness assistance of counsel, Defendant must meet the two-part test of Strickland. The defendant must satisfy both prongs of the test by showing counsel's performance fell below an objective standard of reasonableness and that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Because the state court correctly recognized that *Strickland* governs Petitioner's ineffective assistance of counsel claims, Petitioner cannot meet the "contrary to" test in Section 2254(d)(1).

In denying this claim, the state trial court stated:

> In ground one, Defendant contends that his trial counsel was ineffective for not striking all white people from his jury. Defendants are not entitled to a particular jury composition and Defendant has made no attempt to show that there was a systematic exclusion of African-Americans from the jury-selection process. *See* Gordon v. State, 704 So. 2d 107, 111 (Fla. 1997). *See also* Taylor v. Louisiana, 419 U.S. 522, 42 L. Ed. 2d 690, 95 S. Ct. 692 (1975). Additionally, this issue was not preserved. The Defendant will not be afforded relief on this ground.

(Dkt. 11, Ex. 6 at 2).

Respondent argues that the claims Petitioner raises in Ground One of his federal habeas petition which were not presented to the state court are procedurally barred (Dkt. 27 at 14-15).  A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Haley*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  "[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992).

To the extent Petitioner asserts in Ground One of his federal habeas petition that trial counsel was ineffective for failing to object to the prosecutor using peremptory challenges to exclude African-Americans from the jury, and that he was denied equal protection of the law when African-Americans were excluded from the jury solely based upon their race, these claims are procedurally barred as Petitioner did not present these claims either on direct

9

appeal or in his post-conviction motion.

Moreover, Petitioner's claims lack merit. To obtain relief, Petitioner must establish that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying Petitioner's post-conviction motion. Petitioner presents no evidence of entitlement to relief. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue. The state court's rejection of Petitioner's challenge to the all-white jury is consistent with federal law. *See, e.g., Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) (While "petit juries must be drawn from a source fairly representative of the community … [there is] no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, … but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.") (internal citations omitted). Petitioner's Sixth Amendment right is limited to "the presence of a fair cross-section of the community on venire panels, or lists from which grand and petit juries are drawn." *Usher v. Mortin*, 165 Fed.Appx. 789, 792 (11th Cir. 2006) (quoting *United States v. Henderson*, 409 F.3d 1293, 1305 (11th Cir. 2005)). To establish a prima facie violation of this right, Petitioner must prove (1) that African-Americans are a "distinctive" group in the community, (2) that the representation of African-Americans in venires is not fair and reasonable in relation to the number of such persons in the community, and (3) that this under-representation is due to

10

systematic exclusion of African-Americans in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979); *United States v. Henderson*, 409 F.3d at 1305.

Petitioner fails to offer evidence showing systematic exclusion of African-Americans from jury selection. Consequently, he cannot establish a violation of the Sixth Amendment with respect to the composition of the jury or the venire. He fails to show that counsel performed deficiently by not objecting to the venire. "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts.

To the extent Petitioner asserts counsel was ineffective for failing to strike all Caucasians from the jury and for failing to obtain a jury of mostly African-Americans, Petitioner's claim has no merit. First, "[d]efendants are not entitled to a jury of any particular composition." *Holland v. Illinois*, 493 U.S. 474, 483 (1990)(quotation omitted). Second, Petitioner fails to demonstrate that counsel's performance was deficient because Petitioner alleges that of the 50 members of the jury venire, only three were African-American, and the prosecutor used peremptory challenges on two African-Americans. Accordingly, counsel could not have selected a jury consisting mostly of African-Americans. Moreover, even though Petitioner wanted counsel to exclude all Caucasians from the jury, he was precluded from using peremptory challenges to purposely exclude prospective jurors on the basis of

11

race.  *See Batson v. Kentucky*, 476 U.S. 79, 84 (1986).

**Ground Two**

In Ground Two of his federal habeas petition, Petitioner claims that the trial court became an advocate of the State's plea offer, and after Petitioner rejected the plea offer and was found guilty at trial, the state trial court sentenced him to a vindictive sentence. Petitioner raised this claim in state court as Ground Twelve of his Rule 3.850 post-conviction motion (Dkt. 11, Ex. 5 at 37-41).  In denying this claim, the state court stated:

> In ground twelve, Defendant asserts the judge was vindictive because the Defendant was designated as a PRR.  This ground lacks merit.  The Defendant will not be afforded relief on this ground.

(Dkt. 11, Ex. 6 at 1).

Initially, the record shows that the trial judge did not become an advocate of the plea offer.  The Respondent correctly argues that the trial court merely made the inquiry regarding the plea offer to ensure that Petitioner's rejection of the offer was voluntary, knowing, and intelligent, and that Petitioner was aware that he was a prison releasee reoffender and could receive a life sentence if convicted (Dkt. 11, Ex. 17, Vol. I, Transcript of Trial Proceedings at 5-7).  There is nothing in the record which indicates that the state trial court rendered a vindictive sentence.  Prior to trial, Petitioner was informed that he was a prison releasee reoffender, and that he was facing a life sentence if he were convicted as charged (Id.). Simply put, Petitioner has not established that the trial court imposed a vindictive sentence. The state trial court's rejection of this claim was neither contrary to, nor an unreasonable

application of, Supreme Court precedent. Accordingly, Ground Two is denied pursuant to 28 U.S.C. § 2254(d).

**Ground Three**

In Ground Three of his federal habeas petition, Petitioner claims trial counsel was ineffective for failing to impeach the State's witnesses with their prior inconsistent statements. Specifically, Petitioner asserts that Charles Frazier and Shanteeka Bennifield both testified at trial that Petitioner called them on the telephone after he had been arrested, at which time he apologized to them for robbing them and attempted to convince them not to testify against him at trial. Petitioner argues that their testimony that he telephoned them is contradicted by their testimony that their home telephone was not working at the time he allegedly called them. However, Respondent correctly points out that Charles Frazier testified that Petitioner had called him at the next door neighbor's house (Dkt. 11, Ex. 17, Vol. II at 151-52). Therefore, Petitioner fails to show counsel was deficient for failing to impeach the witnesses with their testimony that their home telephone did not work, because Petitioner spoke with them on the neighbor's telephone.

Petitioner also claims trial counsel was ineffective for failing to impeach Charles Frazier with his prior inconsistent statements.[3] Specifically, Petitioner states that Charles Frazier gave an out of court statement that the third robber was dressed in black, wearing a

---

[3]In his supplemental petition, Petitioner submits further claims of allegedly inconsistent statements made by Charles Frazier (Dkt. 18). However, Petitioner did not present those claims in his Rule 3.850 post-conviction motion (Dkt. 11, Ex. 5 at 20-21). Therefore, the claims raised in his supplemental petition are unexhausted and procedurally barred. Moreover, the Court agrees with Respondent that Petitioner fails to demonstrate prejudice.

ski mask, and carrying a 38 revolver.  Then, according to Petitioner, Frazier subsequently gave a statement that he could not identify the third robber because he was forced back into the house.  Petitioner also claims Frazier gave inconsistent statements regarding the guns the robbers were carrying, and which robber held a gun to one of the victim's head.

In light of Charles Frazier's undisputed testimony at trial that he had been friends with Petitioner for several years before the robbery (Dkt. 11, Ex. 17, Vol. I at 85-88), that he clearly saw Petitioner's face during the robbery when Petitioner took off his mask (Id. at Vol. II, 128-130), and that Petitioner had called and spoken with him after the robbery and apologized to him for the robbery (Id. at 151-156), it is objectively reasonable to conclude there was no reasonable probability that impeaching Charles Frazier with his relatively minor inconsistent statements regarding the guns the robbers carried and the clothes the third robber was wearing would have changed the outcome of the trial.[4]  Petitioner fails to establish that he was prejudiced by any alleged error regarding a failure to impeach Charles Frazier with these relatively minor inconsistent statements.

**Ground Four**

In Ground Four of his federal habeas petition, Petitioner claims that trial counsel was ineffective for failing to make an adequate motion for judgment of acquittal after the State rested its case.  He argues that had counsel articulated a motion for judgment of acquittal which indicated the specific deficiencies in the State's evidence, Petitioner would have been

---

[4] Charles Frazier's testimony is corroborated by the testimony of Shanteeka Bennifield, and the evidence found in Petitioner's car at the time of his arrest.

acquitted of all charges.

Petitioner raised this claim in state court as Ground Seven of his 3.850 post-conviction (Dkt. 11, Ex. 5 at 22-23).  In denying the claim, the state trial court stated "[i]n ground seven, Defendant contends that his trial counsel was ineffective for not filing an adequate Judgment of Acquittal. This argument lacks merit. The Defendant will not be afforded relief on this ground." (Dkt. 11, Ex. 6 at 2).

Florida law provides that a motion for judgment of acquittal will be granted "[i]f, at the close of the evidence for the state or at the close of all the evidence in the case, the court is of the opinion that the evidence is insufficient to warrant a conviction."  Fla. R. Crim. P. 3.380(a).  "A court should not grant a motion for judgment of acquittal unless there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law."  *Taylor v. State*, 583 So. 2d 323, 328 (Fla. 1991).  The State presented sufficient evidence to support Petitioner's convictions.[5]  Consequently, Petitioner fails to show that he was prejudiced by counsel's failure to make a more detailed motion for judgment of acquittal.   The state trial court's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

**Ground Five**

Petitioner claims trial counsel was ineffective for failing to file a motion in limine to preclude two of the victims, Shanteeka Bennifield and Charles Frazier, from

---

[5]The evidence included some of the victims' testimony that they knew Petitioner and positively identified him as one of the individuals who robbed them, and that Petitioner had subsequently telephoned them and apologized to them for robbing them (Dkt. 11, Ex. 17, Vol. II at 128-133; 155; 170).

testifying that Petitioner called them following the robbery and his arrest, and apologized to them and tried to convince them not to testify against him at trial.  Petitioner essentially argues that the testimony should have been excluded because it was prejudicial to him, and because other evidence contradicted the victims' testimony.

Petitioner raised this claim as Ground Four of his 3.850 post-conviction motion (Dkt. 11, Ex. 5 at 11-15).  The state trial court denied the claim finding that there was no sound legal basis for excluding the testimony, and therefore Petitioner failed to show he was prejudiced by counsel's failure to file a motion in limine (Dkt. 11, Ex. 9 at 2).

Other than stating that the out of court statements were prejudicial to him and contradicted by other evidence, Petitioner fails to show why the victims' testimony regarding his out of court statements were not properly admitted at trial.  "Counsel cannot be ineffective for failing to file a motion that would not have been successful."  *Newman v. Sec'y, Dep't of Corrections*, 2006 U.S. Dist. LEXIS 33210 (M.D. Fla. May 25, 2006). Therefore, Petitioner fails to show counsel's performance was deficient, or that he was prejudiced when counsel did not file a motion in limine seeking to exclude the victims' testimony regarding Petitioner's out of court statements.  The state trial court's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

16

**Ground Six**

Petitioner claims that trial counsel was ineffective for failing to object to or suppress evidence the State admitted at trial, specifically, several items that were found in Petitioner's car at the time of his arrest.  He argues that the State never linked the items to the crimes for which he was charged, as the victim of the carjacking, LaRhonda Rashad Griffin (hereinafter "Griffin"), testified at trial that the items did not belong to him.

The testimony at trial established that Griffin's car was stolen (Dkt. 11, Ex. 17, Vol. II at 199); a number of the items in the car were removed from Griffin's car, and the car was set on fire (Id. at 200-201); a number of items, including two car lights, a wing nut, a mallet, a carburetor cover, a hydraulic floor jack, a lug wrench, a rim remover, stereo speakers, and a car battery were found in Petitioner's car at the time he was arrested (Dkt. 11, Ex. 17, Vol. I at 55-64); Detective Last testified that in his experience the mallet, floor jack, lug wrench, and rim removers are items used to remove parts of a car such as tires and wheel rims (Id. at 58); and Griffin was subsequently called to the police station where he was shown the items found in Petitioner's car, and Griffin told the police that the wing nut, car lights, and stereo speakers were his (Dkt. 11, Ex. 17, Vol. II at 203-09).[6]  Therefore, the items found in

---

[6]At trial, Griffin changed his position and testified that the lights and speakers did not belong to him, and that he did know whether or not the wing nut was his (Dkt. 11, Ex. 17, Vol. II at 203-10).

Petitioner's car were linked to the theft of Griffin's car.

Petitioner fails to show any legal basis for objecting to or suppressing the evidence. Accordingly, Petitioner fails to demonstrate counsel's performance was deficient, or that he was prejudiced as a result of counsel not objecting to or moving to suppress the evidence found in his car.

**Ground Seven**

In Ground Seven of his federal habeas petition, Petitioner asserts trial counsel was ineffective for failing to object to the prosecutor's statements during closing argument which Petitioner believes improperly bolstered the credibility of the State's witnesses, and improperly attacked Petitioner's defense and defense witnesses.  He also claims the prosecutor improperly asked leading questions during trial.  Petitioner raised these claims in state court as Ground Nine in his Rule 3.850 post-conviction motion (Dkt. 11, Ex. 5 at 29-31).  The state trial court denied the claim stating "[i]n ground nine, Defendant contends that his trial counsel was ineffective for not objecting to the State asking leading questions and bolstering State's witnesses.  Defendant's argument lacks merit.  The Defendant will not be afforded relief on this ground."  (Dkt. 11, Ex. 6 at 3).

Respondent correctly asserts that Petitioner's claim that the State asked leading questions during trial is facially insufficient as Petitioner does not identify any specific instances where the State posed improper leading questions.

18

Petitioner's claim that counsel was ineffective for failing to object to the State's comments during closing argument is also without merit.  To amount to a constitutional violation, the prosecutor's remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Closing argument is intended to "assist the jury in analyzing, evaluating and applying the evidence." *United States v. Pearson*, 746 F.2d 787, 796 (11th Cir. 1984).  Thus, the prosecutor is not limited to a bare recitation of the facts; he may "comment" on the evidence, *id.* at 796, and may "state his contention as to the conclusions the jury should draw from the evidence." *United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984).  "The prosecutor may not vouch for witnesses but may still 'argue that the fair inference from the facts presented is that a witness had no reason to lie.' The prohibition against vouching does not forbid prosecutors from arguing credibility, which may be central to the case; rather, it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury."  *United States v. Hernandez*, 921 F.2d 1569, 1573 (11th Cir. Fla. 1991)(internal quotations and citations omitted).  "If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." *Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986)(en banc), *cert. denied*, 480 U.S. 911 (1987).

Here, the prosecutor merely commented on the credibility of the State's witnesses, Charles Frazier and Shanteeka Bennifield, and remarked that they had no reason to lie (Dkt. 11, Ex. 17, Vol. III at 394-95).  The remarks did not amount to an explicit guarantee that the

19

State would not have brought the witnesses were they not credible.  Likewise, Petitioner's claim that his counsel was ineffective for failing to object to the State's closing arguments which attacked the defense's witnesses is without merit.  Petitioner does not specify the comments which allegedly "attacked the defense, and defense witnesses."  To the extent Petitioner is arguing that the State made improper comments regarding Griffin's testimony, the claim has no merit.  The State merely argued that Griffin's testimony was not credible (Id. at 391-92).

Petitioner has not shown that counsel's performance was deficient for failing to object to the State's arguments, and that absent the allegedly improper remarks, the jury's decision would have been different. The state trial court's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

**Ground Eight**

Petitioner claims trial counsel was ineffective for failing to investigate and call at trial Kevin Shireman, Officer Carl Smith, Maria Dugarte, Abraham Brannon, and Lornell Vanover.  Petitioner asserts Kevin Shireman, the Fire Marshal investigator, would have testified as to inconsistent statements Charles Frazier and Griffin gave him.  Petitioner claims Officer Smith, one of the officers who arrested him, would have testified that he did not find a wing nut on Petitioner, and this would have discredited the testimony of Detective Last who testified that a wing nut was found in Petitioner's pants pocket.  Petitioner submits Maria Dugarte would have testified that Charles Frazier never worked for her at the night club, which would have discredited Charles Frazier's testimony that he had been working at

20

the night club, and would have shown Frazier was a liar.  Petitioner maintains that Abraham

Brannon would have testified that one of the victims, Eddie McIntosh, told him that

Petitioner was not one of the robbers, and that McIntosh tried to sell Brannon stolen

merchandise.  Finally, Petitioner claims Lornell Vanover could have provided information

regarding ownership of the car which Petitioner allegedly stole, and that three of the victims,

Eddie McIntosh, Griffin, and Charles Frazier, participated in illegal activities such as dog

fighting.

In his Rule 3.850 state post-conviction motion, Petitioner raised this claim as his

Ground Eight (Dkt. 11, Ex. 5 at 24-28).  The State filed a response to this claim in which it

stated:

> In Defendant's ground eight, he lists six witnesses that
> counsel allegedly failed to investigate and/or call at trial. The
> State asserts that on the basis of the record in this case, three of
> these witnesses will not support such a finding. Officer Carl
> Smith was deposed in this case and his deposition was filed in
> the court file on June 2, 2000. Lornell Vanover was deposed in
> this case and his deposition was filed in the court file on June 6,
> 2000. Larhond Rashad Griffin testified at the trial on February
> 20, 2001.
>
> Turning to the remaining witnesses, first the Defendant
> lists Kevin Shireman. The Defendant alleges that this
> investigator would have testified as to inconsistent statements
> made by victims/witnesses Frazier and Griffin. However, the
> Defendant fails to set out what the actual substance of this
> witness's testimony would have been at trial. Therefore, the
> Defendant has failed to set forth a facially sufficient claim as to
> this potential witness.

Next, the Defendant lists Marta Dugarte and alleges that she would have provided testimony to impeach victim/witness Frazier. Trial counsel conducted extensive cross-examination of Frazier and confronted him with multiple instances of supposed inconsistent prior statements which conflicted with his in court testimony. Frazier's statement regarding employment was not admitted in the proceeding, therefore, any attempt to impeach his credibility on the basis of that statement would not have been permitted. Therefore, the Defendant has failed to demonstrate any prejudice.

Finally, the Defendant lists Abraham Brannon. The alleged testimony that this witness could have provided consists of third-party hearsay. This statement would not have been admitted for any purpose, most importantly, not as substantive evidence. Therefore, the Defendant has again, failed to demonstrate any prejudice.

(Dkt. 11, Ex. 7).

The State also filed a second response in which it expanded on one of its arguments and stated:

Officer Carl Smith was deposed in this case and his deposition was filed in the court file on June 2, 2000. The transcript is attached and refutes the Defendant's claim that he would testify regarding a wing nut. Lornell Vanover was deposed in this case and his deposition was filed in the court file on June 6, 2000. The transcript is attached and refutes the Defendant's claim that he would testify regarding "illegal activities".

(Dkt. 11, Ex. 11).

In denying the claim, the state court stated:

In ground eight, the Defendant contends that his trial counsel was ineffective for not investigating, and calling the following witnesses at his trial: Kevin Shireman, Officer Carl Smith, Maria Dugarte, Abraham Brannon, Lomell Vanover, and Larond Rashad Griffin.

In order for counsel to be ineffective for failure to investigate and interview witnesses, a facially sufficient motion must include the identity of the alleged witness, the content of the witness' expected testimony, and an explanation as to how the omission of this evidence prejudiced the outcome of the trial. *See* <u>Robinson v. State</u>, 659 So. 2d 444 (Fla. 2d DCA 1995); <u>Highsmith v. State</u>, 617 So. 2d 825 (Fla. 1 st DCA 1993).

As [sic] Kevin Shireman, this Court finds that the Defendant has failed to set forth a facially sufficient motion. Thus, the Defendant's ground eight as it relates to potential witness Kevin Shireman, is denied.

The State in its Response addresses and refutes the claim that Defendants trial counsel was ineffective for failure to investigate the remaining witnesses Officer Carl Smith, Lomell Vanover, Maria Dugarte, Abraham Brannon, and Larond Rashad Griffin. The Court agrees with the State's arguments and adopts the Response by reference herein. Accordingly, the Defendant's ground eight is denied as it relates to potential witnesses Officer Carl Smith, Lomell Vanover Maria Dugarte, Abraham Brannon, and Larond Rashad Griffin.

(Dkt. 11, Ex. 12).

"Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)(citations omitted).[7] "Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness's testimony amounts to the abandonment of a viable, outcome-changing defense." *See Jordan v. McDonough*, 2008 U.S.

---

[7]Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Dist. LEXIS 831 (M.D. Fla. 2008)(citations omitted).  "In all other cases, the failure to call a witness is either an objectively-reasonable strategic decision or a non-prejudicial error." *Id*. (citation omitted).

The witnesses' testimony proffered by Petitioner does not amount to "a viable, outcome-changing defense."  The majority of the proposed testimony would have been, if admissible, cumulative impeachment evidence used to challenge the credibility of Charles Frazier.  The testimony would have had no bearing on the credibility of Shanteeka Bennifield's testimony, or refuted Detective Last's testimony regarding the many other items found in Petitioner's car at the time of his arrest.

Petitioner fails to establish prejudice as a result of trial counsel not calling these witnesses at trial. To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006).  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006).  Petitioner fails to demonstrate a reasonable probability that, but for counsel's failure to call these individuals as witnesses at trial, the result of the trial would have been different.

Further, self serving speculation about potential witness testimony is insufficient to support a claim of ineffective assistance of counsel; a petitioner must present evidence about the witness testimony in the form of actual testimony, or an affidavit. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).  Petitioner fails to present any actual testimony

or affidavits in support of his claim.

The state trial court's rejection of Petitioner's ineffective assistance of counsel claim constitutes a decision that was neither contrary to, nor an unreasonable application of, the *Strickland* two-part test.

**Ground Nine**

In Ground Nine of his habeas petition, Petitioner asserts that trial counsel was ineffective for failing to introduce the depositions of the witnesses into evidence during trial so that the jury could see the inconsistencies between the witnesses' testimony at trial and their testimony during their depositions.  He also claims he wanted counsel to introduce a witness list into evidence "so that the jury would see that all the facts to [sic] the case wasn't [sic] presented by the State or counsel for Petitioner."  (Dkt. 15 at 34-35).

Petitioner raised this claim in state court as Ground Ten in his Rule 3.850 post-conviction motion (Dkt. 11, Ex. 5 at pp.32-34).  In denying the claim, the state trial court stated:

> In ground ten, Defendant contends that this trial counsel was ineffective for not giving the jury transcripts and police reports. Defendant maintains the jury went into deliberations and asked for transcripts, a witness list and police reports.  The judge gave them a witness list but said transcripts were not available and the police reports were not in evidence.  The Defendant's argument lacks merit.  The Defendant will not be afforded relief on this ground.

(Dkt. 11, Ex. 6 at 3).

25

In Florida, discovery depositions may be used in a criminal trial for the purpose of impeaching the testimony of the deponent as a witness, but the depositions may not be used as substantive evidence. *State v. Green*, 667 So. 2d 756, 759 (Fla. 1995); Fla. R. Crim. P. 3.220. Therefore, Petitioner fails to demonstrate counsel was ineffective for failing to introduce the deposition transcripts into evidence as they are not admissible as substantive evidence.[8]

Petitioner also claims counsel was ineffective for failing to introduce a witness list into evidence. Apparently, Petitioner contends that a witness list would have shown the jury that not all of the witnesses on the witness list were called at trial. Petitioner wholly fails to show counsel's performance was deficient for failing to attempt to introduce a witness list into evidence, or that the failure to introduce a witness list prejudiced his case.

The state trial court's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

---

[8]Depositions taken pursuant to Fla. R. Crim. P. 3.190 to perpetuate testimony of a prospective witness who resides outside of the court's territorial jurisdiction or who may be unable to attend the trial are admissible. *Green*, 667 So. 2d at 759. Petitioner does not assert that the depositions were taken pursuant to Rule 3.190, and it appears they were not taken pursuant to 3.190 as Petitioner claims he wanted to use the depositions to impeach witnesses who testified at trial.

1.     The Amended and Supplemental Petitions for Writ of Habeas Corpus are **DENIED**  (Dkt. 15 & 18).

2.     The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Petitioner *pro se*
Counsel of Record

27